UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JOHNSON, | CV F   06-0456 AWI DLB HC |
|         Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| G.J. GLURBINO, et.al., | [Doc. 1] |
|         Respondent.      / | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on April 20, 2006.  Petitioner states that he was convicted in the Stanislaus County Superior Court on July 7, 2000, of robbery in violation of California Penal Code section 211, with an enhancement pursuant to sections 12022.53(b) and 667.5(b). (Petition, at 2.)  Petitioner was sentenced to sixteen years in state prison. (Id.)  Petitioner raises the single claim that he is entitled to re-sentencing pursuant to the United States Supreme Court's opinion in Blakely v. Washington, 125 S.Ct. 21 (2004).

DISCUSSION

      To the extent Petitioner relies on Blakely v. Washington, it is inapplicable.  The Ninth Circuit Court of Appeals has recently held that Blakely does not apply retroactively to cases on collateral review.  Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005).  Therefore, because Petitioner was convicted on July 7, 2000, and he raises the claim on collateral review, it is not cognizable.

1

Moreover, to the extent Petitioner is attempting to rely on the new rule announced in Apprendi v. New Jersey, 530 U.S. 466, 488-490 (2000), that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt (see also Blakely v. Washington, 125 S.Ct. at 2536), it is unclear to what extent the claim may be raised in this Court, as Petitioner could have raised it on direct appeal or on state habeas corpus and it does not appear the claim has been exhausted. The Court bases this contention on the fact that in his petition Petitioner states "this claim was not raised in trial court nor appeal." (Petition, at 5.)

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be dismissed; and

2. The Clerk of Court be directed to enter judgment; thus, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 2, 2006            /s/ Dennis L. Beck
3b142a                        UNITED STATES MAGISTRATE JUDGE

3