# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JOHNSON, | CV F   06-0456 AWI DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| VICTOR M. ALAMAGER, et.al., | [Doc. 12] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND

Petitioner was convicted of second degree robbery, with true findings that he personally used a firearm in the commission of the robbery and served a prior prison term. Petitioner was sentenced to a determinate state prison term of 16 years. (Lodged Docs. 1-2.)

On June 4, 2001, the Fifth District Court of Appeal affirmed the judgment. (Lodged Doc. 2.) Petitioner sought review in the California Supreme Court which was denied on August 15, 2001. (Lodged Docs. 3-4.)

Petitioner subsequently filed five *pro se* state post-conviction collateral challenges.

On December 12, 2002, Petitioner filed a petition for writ of habeas corpus in the

---

[1] Respondent submits that Victor M. Alamager is the current Acting Warden of Centinela State Prison and not G.J. Giurbino. Accordingly, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Alamager is substituted in place of Giurbino.

1

Stanislaus County Superior Court. (Lodged Doc. 5.) The petition was denied on January 31, 2003. (Lodged Doc. 6.)

On March 27, 2003, Petitioner filed a petition for writ of habeas corpus in the Fifth District Court of Appeal. (Lodged Doc. 7.) The petition was denied on April 10, 2003. (Lodged Doc. 8.)

On February 8, 2005, Petitioner filed a second petition for writ of habeas corpus in the Stanislaus County Superior Court. (Lodged Doc. 9.) The petition was denied on March 10, 2005. (Lodged Doc. 10.)

On March 28, 2005, Petitioner filed a second petition for writ of habeas corpus in the Fifth District Court of Appeal. (Lodged Doc. 11.) The petition was denied on April 18, 2005. (Lodged Doc. 12.)

On April 27, 2005, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodged Doc. 13.) The petition was denied on March 22, 2006. (Lodged Doc. 14.)

Petitioner filed a prior federal habeas petition in this Court on July 28, 2003, in case number CV-F-03-6013 OWW TAG HC.[2]

Petitioner filed the instant action on April 20, 2006. (Doc. 1.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to

---

[2] As Respondent submits, in the motion to dismiss and answer filed by Respondent in case number CV-F-03-6013 OWW TAG HC, Respondent indicated that Petitioner filed three *pro se* state post-conviction collateral challenges: 1) petition for writ of habeas corpus filed in the Stanislaus County Superior Court on December 12, 2002 and denied on January 31, 2003; 2) petition for writ of habeas corpus filed in the Fifth District Court of Appeal on March 27, 2003 and denied on April 10, 2003; and 3) petition for review filed in the California Supreme Court on June 2, 2003 and denied on July 9, 2003. In preparing the motion to dismiss in the instant case, Respondent discovered that the petition for review filed in the California Supreme Court was actually filed by a different Rodney Johnson and not the Petitioner in case number CV-F-03-6013 OWW TAG HC, nor the petitioner in the instant case. Respondent is simultaneously filing a Motion for Reconsideration in case number CV-F-03-6013 OWW TAG HC due to the discovery of this error.

Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on April 20, 2006, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on June 9, 2000. The Fifth District Court of Appeal affirmed Petitioner's conviction on June 4, 2001. Petitioner filed a petition for review with the California Supreme Court, which was denied on August 15, 2001. The time to seek direct review ended upon expiration of the 90-day period following denial of review in which Petitioner had to file a petition for writ of certiorari with the United States Supreme Court, November 13, 2001. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). The one-year limitations period commenced running the following day - November 14, 2001. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed.R.Civ.P. 6(a)). Thus, the last day to file a federal petition was on November 13, 2002, plus any time for tolling.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, 536 U.S. 214 (2002), the United States Supreme Court rejected the Ninth Circuit's view that where a state court denies the petition on both procedural grounds and on the merits, the fact that the state court addressed the merits warranted tolling under § 2244(d)(2). The Supreme Court stated:

> Given the variety of reasons why the California Supreme Court may have included the words "on the merits," those words cannot by themselves indicate that the petition was timely. And the Ninth Circuit's apparent willingness to take such words as an absolute bellwether risks the tolling of the federal limitations period even when it is highly likely that the prisoner failed to seek timely review in the state appellate courts. . . . The Ninth Circuit's rule . . . threatens to undermine the statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being force to hear stale claims.

4

Saffold, 536 U.S. at 226 (citations omitted.)  The Supreme Court also emphasized that only a "timely" appeal tolls the AEDPA's statute of limitations period, and that "unreasonable" delays are not "timely."  Id. at 214.  In Evans v. Chavis, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within a "reasonable time." 126 S.Ct. at 852.  However, where there is a "clear indication that a particular request for appellate review was timely or untimely," there is no need to conduct such an independent examination.  Id.  In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id., *quoting* Saffold, 536 U.S. at 219.  In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 126 S.Ct. at 853, *citing* Saffold, 536 U.S. at 222-223.

       1.   Tolling During Period First and Second Petitions Were Pending in State Court

As Respondent concedes, the first and second petitions were properly filed, and Petitioner is therefore entitled to tolling from June 14, 2002 (first petition delivered to prison authorities, under the mailbox rule[3]) through April 10, 2003 (second petition denied)[4].  Pace v. DiGuglielmo,

---

[3] The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

[4] As Respondent points out, it is relevant that on August 26, 2004, this Court issued a Report and Recommendation regarding Respondent's motion to dismiss in case number CV-F-03-6013-OWW-TAG-HC. (Lodged Doc. 16.)  There, the Court found Petitioner was entitled to tolling for his first state habeas petition under the mailbox rule.  Petitioner submitted prison log sheets in support of his contention that he delivered his state habeas petition to prison authorities for mailing on June 14, 2002.  The prison log sheets show Petitioner sent various letters to the Superior Court during the months of June, July, September and October of 2002.  Petitioner also submitted copies of three letters addressed to the clerk of the Superior Court from July to September 2002, regarding his petition.  This court found Petitioner acted diligently by following up after he failed to receive Superior Court confirmation that his habeas petition had been received.  When Petitioner learned his first petition was not received by the Superior Court, he filed another petition in the Superior Court on December 12, 2002.  The Court granted

544 U.S. 408, 125 S.Ct. 1807 (2005).

    2. <u>No Tolling for Period Between Denial of Second Petitioner and Filing of Third Petition</u>

Respondent argues that the delay of almost two years between the denial of the first petition and the filing of the second petition was unreasonable. The Court agrees.

Here, the second petition was denied on April 10, 2003, and the third petition was not filed until February 1, 2005, under the mailbox rule. A 663 day delay. The delay is three and a half times longer than the six month delay in <u>Evans</u>, which the Supreme Court found unreasonable. In his opposition, Petitioner contends that <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), created a new rule of constitutional law made retroactive. Petitioner claims he had until April 2004 to file his petition. Petitioner is mistaken. <u>Blakely</u> does not apply retroactively to cases on collateral review. See <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005) ("*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*."); <u>United States v. Mora</u>, 293 F.3d 1213, 1219 (10th Cir. 2002) (finding that Apprendi[5] is not retroactively applicable to habeas petitions).[6,7]

---

Petitioner tolling from the date the first "original" petition was delivered to prison authorities for mailing, June 14, 2002, to July 9, 2003, the supposed date that state court habeas review concluded by the denial of the petition filed in the California Supreme Court. However, as previously stated, it was subsequently determined that the petition filed in the California Supreme Court, denied on July 9, 2003, was filed by a different Rodney Johnson and not Petitioner in case number CV-F-03-6013-OWW TAG HC nor in the instant case. Thus, Petitioner is not entitled to tolling for the interval between the second petition and this mistaken third petition.

[5] <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

[6] The issue of retroactivity is currently pending before the United States Supreme Court in <u>Burton v. Waddington</u>, __ U.S. __, 126 S.Ct. 2352 (2006).

[7] The Court notes that although <u>Apprendi</u> was decided before Petitioner was convicted and it may therefore be applied to his case, <u>Blakely</u> was decided well after Petitioner's conviction and created a new rule of law that does not apply retroactively on collateral review. See <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005) In <u>Apprendi</u>, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490. In <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), the Court explained that the "statutory maximum" for <u>Apprendi</u> purposes is the "maximum" sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum " is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional facts." <u>Id</u>. at 303-304. In the instant petition, Petitioner does not raise an <u>Apprendi</u> claim. Nor would such a claim be cognizable as Petitioner was sentenced within the statutory maximum for the offense, even

6

In addition, there is no tolling for the interval following the denial of a petition by a state appellate court and the filing of the next petition in a lower court. Peterson v. Hickman, 2002 WL 1578933 (N.D. Cal. July 15, 2002). Following the denial of Petitioner's second state habeas corpus petition by the Fifth District Court of Appeal on April 10, 2003, Petitioner signed and submitted a second state habeas petition to the Stanislaus County Superior Court on February 1, 2005. (Lodged Doc. 3.) Petitioner is not entitled to tolling during this 663-day interval as he moved "down the ladder" from the state's appellate court.

Moreover, Petitioner began a new round of state post-conviction review with the filing of his third petition for writ of habeas corpus in the Stanislaus County Superior Court. In his third state action, Petitioner asserts his sentence violates Blakely v. Washington, 542 U.S. 296 (2004). (Lodged Doc. 9.) Petitioner did not raise this issue in his second state petition filed in the Fifth District Court of Appeal. (Lodged Doc. 7.) Therefore, Petitioner is not entitled to interval tolling for the time that elapses between separate rounds of challenges through the state court system, i.e. the gap between the conclusion of a first series of filings that proceed up the state court hierarchy and the beginning of a second series. Nino v. Galaza, 183 F.3d 1003, 1006-1007 (9th Cir. 1999); see also Hizbullahankhamon v. Walker, 255 F.3d 65, 71-71 (2d Cir. 2001) (disallowing tolling between separate series of collateral review); Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (same). The statute of limitations is tolled for exhaustion of state remedies during intervals between dispositions of state collateral actions and the filing of a subsequent collateral action at the next state appellate level. Nino, 183 F.3d at 1006-1007; see also Delhomme v. Ramirez, 340 F.3d 817, 821 n.3 (9th Cir. 2003); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003); Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). In Peterson v. Hickman, 2002 WL 1578933 (N.D. Cal. July 15, 2002) specifically held that there is no tolling for the interval following denial of a petition by a state appellate court and the filing of the next

---

though it was the upper term. (See Lodged Doc. 2, at 203; see also United States v. Sua, 307 F.3d 1150, 1154 (9th Cir. 2002) (holding that Apprendi was not violated where sentence imposed did not exceed the statutory maximum). It is further noteworthy that if an Apprendi claim were in fact viable Petitioner could, but did not, raise such a claim on direct appellate review (see Lodged Docs. 2, 3), and on collateral review the claim, as in the instant case, is raised under Blakely only.

7

petition in a lower state court. In the instant case, Petitioner filed his second petition for writ of habeas corpus in the Fifth District Court of Appeal. (Lodged Doc. 7.) The third action, a petition for writ of habeas corpus, was filed with the Stanislaus County Superior Court. (Lodged Doc. 9.) Thus, the third petition was not filed with the next state appellate level, the California Supreme Court, and Petitioner was not ascending up the state court hierarchy as required. Nino, 183 F.3d at 1006-1007. Therefore, Petitioner is not entitled to interval tolling between the denial of the second petition on April 10, 2003, and the filing of the third petition on February 1, 2005 (date it was signed). (Lodged Docs. 8-9.)

### 3. Limitation Period Ends

Because Petitioner is not entitled to tolling from the denial of the second petition to the filing of the third petition, i.e. 663 days, the statute of limitations expired by the time Petitioner filed his third petition and, consequently, the third action as well as the remaining state actions do not extend the statute of limitations. It is well-established that the filing of a state collateral action after the expiration of the limitations period does not restart the clock at zero or otherwise save a claim from being time-barred. In other words, once the statute has run, a collateral action cannot revive it. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Since petitioner did not file his federal petition on September 10, 2003, the date the limitations period expired with applicable tolling, the instant federal petition filed April 20, 2006, is time-barred under § 2244(d).

### 4. Prior Federal Habeas Petition Does Not Toll

As previously noted, Petitioner filed a federal petition for writ of habeas corpus in this Court in case number CV-F-03-6013 OWW TAG HC. (Lodged Doc. 15.) This prior petition does not toll or extend the statute of limitations. In Duncan v. Walker, 533 U.S. 167 (2001), the Supreme Court held that a *federal* petition for writ of habeas corpus did not qualify to toll the statute of limitations as it was not an "application for state post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2) (emphasis added).

D.   Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

8

that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[8] Pace, 544 U.S. at 418, 125 S.Ct. at 1814; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 125 S.Ct. at 1814; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Assuming it is available, Petitioner has not presented any grounds for equitable tolling. Thus, the instant petition for writ of habeas corpus is barred by the statute of limitations and must be dismissed, with prejudice.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss is GRANTED;
2. The instant petition for writ of habeas corpus be DISMISSED, with prejudice, as barred by the one-year statute of limitations; and
3. The Clerk of Court be directed to enter judgment.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time

---

[8] The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125 S.Ct. at 1814 n.8.

may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __January 8, 2007__      __/s/ Dennis L. Beck__
3b142a                           UNITED STATES MAGISTRATE JUDGE