1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 RODNEY JOHNSON, | ) 1:06-CV-00456 AWI DLB HC |
| 12 Petitioner, | ) ORDER DENYING PETITIONER'S |
| 13 | ) APPLICATION FOR CERTIFICATE OF APPEALABILITY [Doc. #28] |
| 14 v. | ) ORDER GRANTING PETITIONER'S MOTION TO CHANGE NAME OF RESPONDENT AND |
| 15 | ) DIRECTING CLERK OF COURT TO CHANGE NAME OF RESPONDENT [Doc. #27] |
| 16 J. SULLIVAN, Warden, | ) |
| 17 Respondents. | ) ORDER DENYING STAY [Doc. #24] |
| 18 | ) ORDER GRANTING MOTION TO PROCEED IFP ON APPEAL [Doc. #25] |

19
20      Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus

21  pursuant to 28 U.S.C. § 2254.

22      On April 2, 2007, Petitioner filed a motion for a certificate of appealability of the March 14,

23  2007, order dismissing his petition for a writ of habeas corpus.  A state prisoner seeking a writ of

24  habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an

25  appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

26  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C.

27  § 2253, which provides as follows:

28          (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
            district judge, the final order shall be subject to review, on appeal, by the court

1   of appeals for the circuit in which the proceeding is held.

2       (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial

3   a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

4

5   (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

6           (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State

7           court; or

8           (B) the final order in a proceeding under section 2255.

9       (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

10

11      (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

12      If a court denies a petitioner's petition, the court may only issue a certificate of appealability

13  "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

14  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

15  further." <u>Miller-El</u>, 123 S.Ct. at 1034; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the

16  petitioner is not required to prove the merits of his case, he must demonstrate "something more than

17  the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at

18  1040.

19      In the present case, the Court finds that reasonable jurists would not find the Court's

20  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

21  deserving of encouragement to proceed further.  Petitioner has not made the required substantial

22  showing of the denial of a constitutional right.  Therefore, the Court hereby DENIES Petitioner's

23  motion for certificate of appealability.

24      On April 2, 2007, Petitioner filed a motion to substitute J. Sullivan, Warden, as the proper

25  Respondent in this action. A petitioner seeking habeas relief must name the state officer having

26  custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing Section 2254

27  Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir.1996); <u>Stanley v. California Supreme</u>

28  <u>Court</u>, 21 F.3d 359, 360 (9th Cir.1994). Normally, the person having custody of the prisoner is the

warden of the prison because the warden has "day to day control over" the prisoner. <u>Brittingham v. United States</u>, 982. F.2d 378, 279 (9th Cir.1992). J. Sullivan is the Warden of California Correctional Institution at Tehachapi, California. Rule 25 of the Federal Rules of Civil Procedure allows the successor of a public office to automatically be substituted as a party. Therefore, Petitioner's motion is GRANTED.

On April 2, 2007, Petitioner also filed a motion for stay of the judgment pending appeal pursuant to Rule 8(a)(1) of the Federal Rules of Appellate Procedure. The Court finds issuance of a stay would serve no purpose in this case.  The Order of March 14, 2007, is a final order dismissing the petition and terminating the action. If that decision is reversed by the Ninth Circuit, the case will be remanded to this Court for further proceedings.

Finally, Petitioner filed a motion to proceed in forma pauperis on appeal.   While Petitioner paid the filing fee in this court, Petitioner has made an adequate showing pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure to appeal in forma pauperis.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1.    Petitioner's motion for certificate of appealability is DENIED;

2.    Petitioner's motion to change the name of Respondent is GRANTED;

3.    The Clerk of Court is DIRECTED to change the name of Respondent to J. Sullivan;

4.    Petitioner's motion for stay is DENIED; and

5.    Petitioner's motion to proceed in forma pauperis on appeal is GRANTED.

IT IS SO ORDERED.

**Dated:    April 13, 2007**                              /s/ Anthony W. Ishii
                                                   UNITED STATES DISTRICT JUDGE